■ GRAPHIC SCANNING CORP., Respondent, v CITIBANK, N. A., Appellant. —Order, Supreme Court, New York County, entered October 30, 1978, which granted plaintiff's motion for partial summary judgment on the first seven causes of action, severed the remaining causes of action and denied defendant's cross motion for a stay, and the judgment entered November 2, 1978, modified, on the law, and to the extent of denying summary judgment on the first seven causes of action as to damages only and remanding the question of damages to the Supreme Court for an assessment thereof, and otherwise affirmed, without costs or disbursements. Under the terms of the agreement between the parties, plaintiff was to design and develop a computerized service to enable defendant to deliver its messages to a subsidiary of plaintiff for delivery to others and to receive messages sent to it through the subsidiary. Defendant was to pay plaintiff under a fixed formula and, in addition, an incremental message transaction charge to reimburse plaintiff for its system development efforts and achievements. The agreement was to run for a period of five years from September 1, 1976. Apparently, the agreement formalized a relationship which had theretofore existed between the parties. The causes of action which were the subject of

the motion for summary judgment seek payment for the services rendered and development costs. We are satisfied that Special Term correctly held that the defenses interposed present no issue of fact with respect to defendant's liability. The question of damages, however, is more troublesome. Indeed, the affidavit submitted by plaintiff in support of its motion for summary judgment indicates a measure of ambivalence with respect to the standard to be applied to the reimbursement for developmental costs. Additionally, it concedes that the amount due for nondevelopmental costs was improperly computed in the complaint and seeks to correct the error in its affidavit in support of the motion for summary judgment. In these circumstances, we hold that an assessment of damages is necessary to safeguard the rights of the parties. The cross motion for a stay was properly denied. Concur—Burns, J. P., Fein, Sandler, Bloom and Lane, JJ.